Dear Representative Johns:
Your request of recent date asks this office to re-examine Attorney General Opinion 88-178 as it may be applicable to the reasonableness of a nursing home's smoking policy imposed upon its residents.
You stated that it is the current policy of the High Hope Care Center Nursing Home to allow smokers to have a cigarette on the even hours provided they smoke in designated areas. Apparently, the Department of Health and Hospitals has cited the nursing home for imposing a policy upon the residents which is violative of the residents' bill of rights defined by statute in R. S. 40:2010.8A(14) and (19), providing as follows:
 § 2010.8 Residents' bill of rights
 A. All nursing homes shall adopt and make public a statement of the rights and responsibilities of the residents residing therein and shall treat such residents in accordance with the provisions of the statement. The statement shall assure each resident the following:
 * * * * *
 (14) The right to have copies of the nursing home's rules and regulations and an explanation of the resident's responsibility to obey all reasonable rules and regulations of the nursing home and of his responsibility to respect the personal rights and private property of other residents.
 * * * * *
 (19) The right to use tobacco at his own expense under the home's safety rules and under applicable laws and rules of the state, unless the facility's written policies preclude smoking in patient rooms.
Interpreting the foregoing statute, which remains the current version of the law, the author of Attorney General 88-178 concluded that the nursing home may prohibit smoking at particular given times provided the regulation is a reasonable rule of the nursing home. See LSA-R.S. 40:2010.8(1).
This administration has in fact addressed the very issue you present in Attorney General Opinion 96-344. We continue to adhere to the legal reasoning expressed in Opinion 96-344, and conclude in response to your inquiry that the question of whether a policy adopted by the High Hope Care Center Nursing Home meets a standard of reasonableness is squarely within the authority of the Department of Health and Hospitals as the regulatory body charged with the responsibility of examining the nursing homes. We defer to the findings of the survey team regarding any deficiencies, and we further refrain from addressing the "reasonableness" aspect of the policy as a point of law. Attorney General Opinion 88-143 is affirmed and is not to be construed as supportive of a policy adopted by a nursing home which is unreasonable under those guidelines set forth in the residents' bill of rights within the provisions of LSA-R.S. 40:2010.8.
Should you have other questions in which we might be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams